**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTATE OF JOSHUA LEVY, deceased, SUSAN LEVY, in her personal capacity as representative of the Estate of Joshua Levy, <br><br> Plaintiffs, <br><br> DAVID BREIDENBACH, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CITY OF SPOKANE; SPOKANE COUNTY; CHRIS KEHL; MICHAEL MCCASLAND; YAMADA, Sgt., <br><br> Defendants - Appellees. | No. 12-35119 <br><br> D.C. No. 2:10-cv-00233-EFS <br><br> MEMORANDUM[*] |
| SUSAN LEVY, in her personal capacity as representative of the Estate of Joshua Levy; ESTATE OF JOSHUA LEVY, deceased, <br><br> Plaintiffs - Appellants, <br><br> and | No. 12-35154 <br><br> D.C. No. 2:10-cv-00233-EFS |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

DAVID BREIDENBACH,

        Plaintiff,

  v.

CITY OF SPOKANE; SPOKANE
COUNTY; CHRIS KEHL; MICHAEL
MCCASLAND; YAMADA, Sgt.,

        Defendants - Appellees.

---

SUSAN LEVY, in her personal capacity as
representative of the Estate of Joshua
Levy; ESTATE OF JOSHUA LEVY,
deceased,

        Plaintiffs,

  and

DAVID BREIDENBACH,

        Plaintiff - Appellee,

  v.

CITY OF SPOKANE; SPOKANE
COUNTY; CHRIS KEHL; MICHAEL
MCCASLAND; YAMADA, Sgt.,

        Defendants - Appellants.

No. 12-35182

D.C. No. 2:10-cv-00233-EFS

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Before: M. SMITH and N.R. SMITH, Circuit Judges, and WALTER, Senior District Judge.[**]

The Estate of Joshua Levy and David Breidenbach (collectively, plaintiffs) appeal the district court's order granting summary judgment on behalf of the City of Spokane, the County of Spokane, and certain individual law enforcement defendants. Plaintiffs allege that the defendants used constitutionally excessive force against Levy—an individual known to have serious mental health problems—resulting in Levy's fatal jump from a bridge. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

To overcome a qualified immunity defense, a plaintiff must establish both: (1) that the defendants violated a statutory or constitutional right; and (2) that the right was "clearly established" at the time of the challenged conduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). In analyzing this issue, we may address either prong first. *See id.* at 236. If analysis of one prong proves dispositive, we need not analyze the other. *See id.* at 236, 241–43.

---

[**] The Honorable Donald E. Walter, Senior District Judge for the U.S. District Court for the Western District of Louisiana, sitting by designation.

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  Plaintiffs cite *Deorle v. Rutherford*, 272 F.3d 1272 (9th Cir. 2001), for the proposition that the defendants were on notice that it was unlawful to attempt to use a Taser to temporarily incapacitate a fatigued and unresponsive mentally-ill individual who was contemplating suicide, and to further "rush" that individual in order to detain him and bring him to safety.  *See al-Kidd*, 131 S. Ct. at 2084 (holding that courts must not "define clearly established law at a high level of generality").  Plaintiffs contend the defendants' actions were particularly unreasonable because Levy was not inside the bridge portico at the time the defendants acted.  *Deorle*, however, is inapposite, and plaintiffs cite no other case, let alone a "robust consensus of cases of persuasive authority," *id.* at 2084 (citation omitted), that clearly establishes the illegality of the defendants' conduct here.  Because the defendants could have reasonably believed that their conduct under these circumstances was lawful, they are entitled to qualified immunity.

4

Plaintiffs' *Monell* claims also fail, because plaintiffs cannot show that any municipal defendant ratified the individual defendants' actions. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (holding that a municipality can be held liable for an isolated constitutional violation if a final policymaker ratified a subordinate's actions). Here, plaintiffs point to no evidence to support their ratification theory. For instance, plaintiffs never identify the relevant "authorized policymakers" for any defendant. *See id.* Nor do plaintiffs present evidence that demonstrates that any authorized policymaker approved of the individual defendants' actions.

Finally, Breidenbach's emotional distress claim fails because it is derivative of plaintiffs' rejected constitutional claims.[1]

**AFFIRMED.**

---

[1] The claims raised in defendants' cross-appeal are denied as moot.